IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **LONNIE C. THOMPSON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 5:04-0746** |
| ) | |
| **KIM WHITE, Region Director,** *et al.*,  ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 21, 2004, Plaintiff acting *pro se* and then in confinement at FCI Beckley, in Beaver, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff states in the Statement of Claim portion of his Complaint as follows (Document No. 1, ¶ IV.):

> Deliberate indifference/malpractice; abuse of authority; cruel and unusual punishment; malice; religious discrimination; retaliatory acts; sabotage and shredding of civil federal court documents and administrative grievances; violation of human, civil and federal as well as constitutional rights; mail fraud, opening of legal mail, and tampering with federal mail, falsifying documents and incident reports; verbal threats of retaliation; etc.

Plaintiff states further in his Complaint as follows (Document No. 1, ¶ V.):

> These defendants have deliberately and criminally conspired in risking my diagnosis of epileptic seizures by endangering my life with the wrong medication deliberately, have abused their authority by justifying and conspiring to cover up criminal, civil and federal crimes, violating correspondence with the courts and my privacy to inform courts concerning legal matters. My mother has undergone severe and numerous operations due to these atrocities. My children and wife have also suffered dramatically. I also have suffered severe emotional and psychological as well as mental

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>anguish. These acts were acts of un-professionalism and showed a lack of impartiality, dignity and respect on these defendants parts.

Plaintiff attaches a copy of a five-page letter dated June 22, 2004, and addressed "To whom it may concern" at FCI Beckley, a copy of a July 7, 2004, BP-11 administrative remedy appeal dated July 7, 2004, and a copy of documents pertaining to a civil action which Plaintiff initiated in the United States District Court for the Southern District of New York.[2]

The undersigned noted that Plaintiff had not paid the filing fee or filed an Application to Proceed *in forma pauperis* and required that he do so by Order filed on August 3, 2004. (Document No. 3.) On September 29, 2004, Plaintiff filed an Application to Proceed *in forma pauperis*. (Document No. 9.) Plaintiff also filed documents more specifically describing his claims against each of the Defendants, evidencing complaints which he raised through the administrative remedy process and pertaining to his civil action in the Southern District of New York. (Document No. 10.) Plaintiff asserts more particularly, for example, that Defendants retaliated against him for filing lawsuits against BOP employees by planting a knife under his mattress, placing him in the Special Housing Unit and denying him access to the law library.

---

[2] The BP-11 attached to Plaintiff's Complaint indicates his appeal to the BOP's Central Office with respect to most, if not all, of the claims which Plaintiff raises in this matter. The undersigned finds from further documents filed by Plaintiff and of record at Document No. 10 that the BP-11 is an appeal under Remedy ID# 325462. Plaintiff complained of a Disciplinary Committee ruling initially on February 24 and March 2, 2004, initiating Remedy ID# 325462. Plaintiff's appeal was rejected and he appealed to the Regional Office on March 29, 2004. Plaintiff's further appeals were received in the BOP's Central Office on May 25 and July 21, 2004. (*See* Document No. 18, Attachment 2 to Declaration of Lynnell Cox.) Plaintiff submitted documents of record at Document No. 10, including the Regional Offices response and the Central Office's response to Plaintiff's appeals in Remedy No. 325462. The Regional Office denied Plaintiff's appeal on May 6, 2004, addressing his claims respecting the Disciplinary Committee ruling and stating that "[t]he issues you raise about staff and your medical care will not be addressed as you must first raise these issues at the institution level." The Central Office responded to Plaintiff's further appeal on September 13, 2004, nearly two months after Plaintiff filed his Complaint in this case, addressing his claim respecting the Disciplinary Committee ruling and his mail.

The undersigned granted Plaintiff's Application to Proceed *in forma pauperis* on August 31, 2005, and the Clerk issued Summonses. (Document Nos. 12 and 13.)

On December 5, 2005, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Memorandum in Support. (Document Nos. 17 and 18.) Defendants assert that Plaintiff's Complaint must be dismissed because (1) he failed to exhaust administrative remedies with respect to each and every claim presented, (2) the allegations against Mr. Lang, Mr. Bland and Mr. Russell do not state claims under the First Amendment, the Religious Freedom restoration Act or the Fifth Amendment fo which relief can be granted, (3) Plaintiff's remaining allegations do not state constitutional claims and (4) Defendants are entitled to qualified immunity. Defendants attach the Declaration of William Lang, Supervisory Chaplain in charge of the inmate Religious Services Program at FCI Beckley and the Declaration of Lynnell Cox, Legal Instruments Examiner at FCC Butner, North Carolina. Lynnell Cox declares that Plaintiff filed BP-9 grievance forms claiming that he could not take medication which BOP staff prescribed for him, BOP staff were opening his legal mail outside his presence and BOP staff were harassing and retaliating against him by filing a false incident report. The Warden responded to Plaintiff's claims or his claims were rejected for improper filing, and Plaintiff did not appeal. Lynnell Cox further reports that "Plaintiff did not file any administrative remedies with regard to his claims that a knife was planted under his bed, that staff gave him an improper bunk assignment, that he was placed in the special housing unit without just cause, or that staff refused to sign or give him a copy of his inmate account statement." (Document No. 18, Declaration of Lynnell Cox, ¶ 6.) Lynnell Cox attaches a copy of a printout indicating Plaintiff's complaints and appeals taken administratively. This document indicates that Plaintiff filed a BP-9 at FCI Beckley on September 8, 2003, which was designated Remedy ID# 310073-F1, complaining that he could not take his prescribed medications. The Warden responded on September 19, 2003. Plaintiff did not appeal. It further indicates that Plaintiff complained of

harassment on November 7, 2003 (Remedy ID#s 316218-F1 and 316222-F1), and his claims were rejected on November 10, 2003. It does not appear that Plaintiff appealed to the Regional Office. Finally, as Lynnell Cox attests, Plaintiff complained that BOP staff was opening his legal mail on April 30 and June 16, 2004 (Remedy ID#s 332913-F1 and 336485-F1). The Warden responded on May 6 and July 1, 2004, and Plaintiff did not appeal.[3]

By Order filed on December 6, 2005, Plaintiff was advised of his right to file a response to the Defendants' Motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Document No. 19.) Plaintiff has not filed a response to Defendants' Motion.[4]

## DISCUSSION

Defendants state that they "[d]o not contest that Plaintiff has exhausted his administrative remedies with regard to the religious claims presented in his complaint." (Document No. 18, p. 7, fn. 4.) Defendants further acknowledge that Plaintiff exhausted administrative remedies with respect to his claims against Defendant Albright. (*Id.*, p. 15.) Defendants claim that Plaintiff failed to exhaust administrative remedies with respect to his claims that (1) they refused to give him his correct medication (*Id.*, p. 13.), (2) Defendant Foster searched his cell repeatedly and intentionally mishandled and damaged his property in retaliation for Plaintiff's filing of an informal grievance against him and wrote a false incident report against him (*Id.*, pp. 14 - 15.), (3) BOP staff members opened his legal mail without him being present and harassed him by searching his cell (*Id.*, p. 16.) and Defendants refused to assign him to a bottom bunk based upon his medical condition and to give him a statement of his account so that he could send it to the Court (*Id.*, p. 17.). Defendants contend that "because Plaintiff's complaint includes exhausted and unexhausted claims, his entire complaint must be dismissed." (*Id.*, p. 4.)

---

[3] Plaintiff filed his Complaint in this matter on July 21, 2004, shortly after he complained initially in the administrative remedy process at FCI Beckley that his legal mail was being opened.

[4] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was release from prison on June 24, 2005.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[5] *See* Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 922, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.).

The statute suggests that exhaustion of administrative remedies is a prerequisite to the Court's jurisdiction, but Circuit Courts have held that administrative exhaustion is not a jurisdictional requirement. *See* Rumbles v. Hill, 183 F.3d 1064, 1067 - 68 (9th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 536 - 37 (7th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998), *cert. denied*, 522 U.S. 906, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999); Wright v. Morris, 111 F.3d 414, 421(6th Cir.), *cert. denied*, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997). At least one District Court in the Fourth Circuit has followed suit. Citing Underwood, Judge Kiser noted in Johnson v. True, 125 F.Supp.2d 186, 188 (W.D.Va 2000), that "§ 1997e(a) has not been found by the courts of this circuit to impose exhaustion of administrative remedies as a prerequisite to jurisdiction. Thus, the fact that there are claims within the complaint that may have been exhausted does not deprive this court of subject matter jurisdiction to rule on such claims."

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

The majority of the Circuits have held in the context of inmates' suits under § 1983 that the failure to exhaust administrative remedies is an affirmative defense under Rule 8(c)[6] of the Federal Rules of Civil Procedure like the defense of statute of limitations. *See* Jackson v. District of Columbia, 254 F.3d 262, 267 (D.C. Cir. 2001); Casanova v. Dubois, 304 F.3d 75, 77 at fn. 3 (1st Cir. 2002); Snider v. Melindez, 199 F.3d 108, 111 - 12 (2d Cir. 1999); Jenkins v. Haubert 179 F.3d 19, (2d Cir. 1999); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998)(in dicta); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); Massey v. Helman, 196 F.3d 727, 734 - 35 (7th Cir. 2000); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001); Wyatt v. Terhune, 280 F.3d 1238, 1245 (9th Cir. 2002); *cf.* Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir 2000), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000)(An inmate must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.")

It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal for want of subject matter jurisdiction. *See* Neal v. Goord, 267 F.3d 116, 121 - 122 (2d Cir. 2001), a § 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal,

> allowing prisoner suits to proceed, so long as the inmate eventually fulfills the

---

[6] Listing certain traditionally recognized defenses, Rule 8(c) of the Federal Rules of Civil Procedure provides as follows:

> **Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense.

> exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, . . . if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset.

Neal, 267 F.3d at 123. The Prison Litigation Reform Act requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001).

Furthermore, administrative remedies must be exhausted with respect to each claim against each and every Defendant or the Complaint must be dismissed under the "total exhaustion rule" found in § 1997e(a). *See* Quinones v. Rubenstein, Civil Action No. 5:02-1365 (S.D.W.Va. Sept. 23, 2003)(C.J. Faber)(Applying a plain meaning reading to the phrase "no action" as stated in § 1997e(a), the District Court concluded that no action shall be brought barring total exhaustion of each and every claim.)(*citing* Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000); Givens v. City and County of San Francisco, 2002 WL 31478180, *2 (N.D. Cal. Nov. 5, 2002); Saunders v. Goord, 2002 WL 1751341, *3 (S.D. N.Y. Jul. 29, 2002)). In Quinones, Chief Judge Faber adopted the total exhaustion rule as applied to *habeas* actions filed pursuant to 28 U.S.C. § 2254, and applied it to § 1983 and other similar civil rights actions. (*Id.*, p. 21.) The Court concluded that the total exhaustion rule "does not detrimentally affect plaintiff's available remedies . . .[r]ather dismissing the present claim improves judicial economy by encouraging the plaintiff to reshape his complaint to include only cognizable claims." (*Id.*, p. 22.)

The Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. §§ 542.10 - 19, is a process "through which inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Depending upon at what level an inmate initiates it, the Bureau of Prisons' Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally

by the submission of an "Inmate Request to Staff Member" form known in prison slang as a "cop-out". 28 C.F.R. § 542.10. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmates Request within 20 and 30 days respectively. *Id.*, § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. If the inmate's Request went initially to the Regional Director, the inmate may appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. *Id.*, § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a). The entire process takes about 120 days to complete.

Defendants have asserted as an affirmative defense that Plaintiff failed to complete the administrative remedy process with respect to each of his claims against each of the Defendants before filing his Complaint, and, it is clear that Plaintiff did not do so. Plaintiff's appeal to the BOP's Central office in Remedy ID# 325462 indicating most, if not all, of his claims in this case was not concluded when Plaintiff filed his Complaint. The Central Office responded respecting only two issues which he raised nearly two months after Plaintiff filed his Complaint in this matter. It further does not appear that Plaintiff followed up the Warden's responses to his claims respecting his medications, Defendants' retaliatory acts and opening of his legal mail by appealing to the Regional Office. He therefore did not complete the process as to these claims as Defendants assert. Plaintiff has not submitted evidence to counter Defendants' assertions. The undersigned finds, therefore, based upon a thorough examination of the documents of record, that Plaintiff asserts exhausted and unexhausted

claims in this matter, and it is clear that this matter must be dismissed under the "total exhaustion rule" found in § 1997e(a). The undersigned finds that Defendants have met their burden of pleading and proving that Plaintiff failed to complete the administrative remedy process before filing his Complaint. For these reasons, this matter must be dismissed. It is unnecessary to address Defendants' further claims in defense on their merits.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court, **GRANT** Defendants' Motion to Dismiss (Document No. 17.), **DISMISS** this action and **REMOVE** it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Plaintiff, who is acting *pro se*, and counsel of record.

Date: September 21, 2006.

R. Clarke VanDervort
United States Magistrate Judge